IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


PHYLLIS SPICER,                                                                                          PLAINTIFF

v.                                            Case No. 1:06-cv-1094

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                                 DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Phyllis Spicer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB), under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 10).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

Plaintiff filed her applications for DIB and SSI on March 31, 2004, alleging an onset date

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

of September 25, 2002. (Tr. 76-77, 276-278). Plaintiff's impairments included carpel tunnel syndrome, tendinitis, shoulder surgery, herniated discs at L4 and L5, and muscle spasms in her legs. (Tr. 116). Plaintiff's applications were denied initially and on reconsideration. (Tr. 55-58). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on August 31, 2005. The Plaintiff was present and represented by counsel, Denver L. Thornton, at the hearing. Also testifying was Dianne Smith, a vocational expert (VE). (Tr. 286-313). After considering all of the evidence of record, the ALJ rendered a decision on June 20, 2006, finding Plaintiff not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 10-26). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 18, 2006. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ improperly considered the report of Dr. D'orsay Bryant; the ALJ failed to consider Plaintiff's lack of financial resources in obtaining medical treatment; the ALJ erred by not considering Plaintiff's conditions of depression and asthma as severe impairments; substantial evidence established Plaintiff was disabled during the relevant SSI and DIB time period; and the ALJ asked a flawed hypothetical to the VE.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; the ALJ properly relied on the report of Dr. Bryant; the ALJ properly considered Plaintiff's financial resources as it relates to her obtaining medical treatment; the ALJ properly determined Plaintiff's depression and asthma were not severe impairments; substantial evidence supports the ALJ's finding that Plaintiff was not disabled during the relevant SSI and DIB time period; and the ALJ asked a proper hypothetical to the VE.

**A. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility.  The Plaintiff asserts the ALJ performed an improper *Polaski* evaluation.  The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence.

Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). The ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *See Cline*, 939 F.2d at 565.

In the present action, the ALJ acknowledged having considered the *Polaski* factors, however, there was no review of or mention of several of the factors. The ALJ makes no reference to any of the medications being taken by Plaintiff, even though the record indicates Plaintiff's use of prescription and over-the-counter medications. (Tr. 85, 97, 104, 121, 125-126).

The ALJ does mention some of Plaintiff's daily activities, but does not indicate how these are inconsistent with Plaintiff's alleged level of pain. (Tr. 21). The ALJ also found Plaintiff's statements concerning intensity, duration, and limiting effects of her symptoms were not entirely credible, but again fails to indicate how they are inconsistent with her alleged level of pain. (Tr. 22). It is not enough that inconsistencies exist, the ALJ must set forth the inconsistencies in the evidence and discuss them. *See Cline v. Sullivan,* 939 F.2d 560, 567 (8th Cir. 1991).

Because the ALJ did not properly examine the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of *Polaski* must be performed.

### B. Report of Dr. Bryant

To assist in his determination of the severity of Plaintiff's impairments, the ALJ requested that Dr. D'orsay Bryant perform an orthopedic evaluation of Plaintiff. (Tr. 273-274). Dr. Bryant,

an orthopedic surgeon, had treated Plaintiff in the past. The exam took place the day after Plaintiff's hearing before the ALJ. The ALJ indicated he gave controlling weight to the report of Dr. Bryant in determining Plaintiff's RFC and the severity of Plaintiff's impairments. (Tr. 22).

Plaintiff has objected to the report of Dr. Bryant because, among other things, at the time of his report, Dr. Bryant did not have assess to or even knowledge of a lumbar MRI taken of Plaintiff in 2005. The transcript does not include the MRI report from 2005, but makes reference to the fact that a MRI was performed and the results indicate Plaintiff has a small left paracentral herniation at the L4-L5 and L5-S1 levels. (Tr. 261). Without the benefit of Plaintiff's MRI report, the accuracy and completeness of the report of Dr. Bryant is in question. On remand, the ALJ shall obtain a copy of Plaintiff's lumbar MRI from 2005 and make it available to Dr. Bryant, so that he may prepare a supplemental report.

### C.  ALJ's Finding No. 4

Although not raised as a point of error by the Plaintiff, the ALJ stated, in Finding No. 4 (Tr. 20), that the Plaintiff did not have an impairment that met or equaled a listed impairment in 20 C.F.R. pt. 404, subpt. P, app.1. The medical records in this case did not include the Plaintiff's 2005 MRI. Therefore, following receipt of Plaintiff's MRI the ALJ should also review finding No. 4, which was based in part on the lack of positive findings from any objective tests. The results of Plaintiff's MRI should be addressed by the ALJ on remand as it relates to this finding.[3]

**4. Conclusion:**
The Court has reviewed all of the relevant medical records and briefing in this case. After

---

[3]Because I find the ALJ did not properly apply *Polaski* and based on the need for the ALJ to obtain Plaintiff's MRI from 2005, the Court will not address the other issues raised by Plaintiff.

a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

    **ENTERED** this **18th day of September, 2007.**

                                /s/  Barry A. Bryant
                                HON.  BARRY  A. BRYANT
                                U. S. MAGISTRATE JUDGE